UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS EARL FORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1096** |
| **19TH JDC BATON ROUGE, ET AL.** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Thomas Earl Ford ("Ford") is a prisoner incarcerated in the Catahoula Correctional Center in Harrisonburg, Louisiana. ECF No. 1, at 3. Ford filed this *pro se* 42 U.S.C. § 1983 complaint against the 19th Judicial District Court for East Baton Rouge Parish, Assistant District Attorney Jaclyn C. Chapman, Judge Beau Higginbotham, and Public Defender Margaret Lagattuta challenging his pending state criminal proceedings on charges of first degree rape, two counts of molestation of a juvenile, sexual battery, and two counts of carnal knowledge of a juvenile, and the evidence to support the charges. *Id*. at 4; ECF No. 4, at 2-3.

Ford also submitted an application to proceed *in forma pauperis*.[1] Because the Court recommends the transfer of this case, ruling on the pauper application is deferred to the receiving Court.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] ECF No. 5.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C. § 1406, a court may dismiss, or in the interests of justice, transfer a case from a district in which venue is wrong to another district or division in which venue is proper. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II.  Discussion

Ford has sued defendants who are not present in this district and urges claims arising from events that did not occur within this district. Ford, instead, indicates that the defendant and events giving rise to his lawsuit occurred in East Baton Rouge Parish, Louisiana. That Parish falls within the geographical boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Ford also is housed in Catahoula Parish which is in the Western District of Louisiana. 28 U.S.C. § 98(c). There is no connection to the Eastern District of Louisiana to provide a basis for venue in this Court. The interest of justice would be served by transfer of this *pro se* matter to the proper district.

## III.  Recommendation

It is **RECOMMENDED** that Thomas Earl Ford's civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

    New Orleans, Louisiana, this  25th  day of June, 2021.

                                      **KAREN WELLS ROBY**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.